① Cited
As of: June 15, 2020 9:10 PM Z

# Commonwealth v. Robinson

Common Pleas Court of Allegheny County, Pennsylvania, Criminal Division

February 4, 2016, Decided; February 4, 2016, Filed

CC 201307777

**Reporter**
2016 Pa. Dist. & Cnty. Dec. LEXIS 21764 *

COMMONWEALTH OF PENNSYLVANIA v. MICHAEL ROBINSON, Defendant

## Core Terms

source code, Discovery, difference of opinion, substantive grounds, discovery request, trial court, reliability, subpoena, alleges, reasonable probability, interlocutory order, product rule, duces tecum, discoverability, probabilities, bandana

**Judges:** [*1] Honorable Jill E. Rangos, J.

**Opinion by:** Jill E. Rangos

## Opinion

### MEMORANDUM ORDER

AND NOW, to-wit, this 4th day of February, 2016, this Court hereby DENIES Defendant's "Application Pursuant to Title 42 Pa.C.S.A. Section 702(b), Interlocutory Orders, for Amendment to Include Certification of the Interlocutory Discovery Order Issued on December 7, 2015." This Court denied Defendant's discovery request for the "source code" for Cybergenetics TrueAllele Casework System, which was used to test a bandana recovered from the crime scene which the Commonwealth alleges belongs to Defendant. This source code is the intellectual property of Cybergenetics.

Pa. R. Crim. P. 573 states that a trial court may permit discovery of items which are material, reasonable and in the interests of justice, and Defendant asserts that his request for the source code has met this criteria. However, "[e]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Pennsylvania v. Ritchie, 480 U.S. 39, 57, 107 S. Ct. 989, 94 L. Ed. 2d 40 (1987). Since materiality requires that the material sought must be outcome-determinative (See also Commonwealth v. Tharp, 627 Pa. 673, 101 A.3d 736, 748 (Pa. 2014)), Defendant must establish that production of the source code is a linchpin to undermining the Commonwealth's case as it pertains [*2] to the DNA evidence on the bandana.

In support of its assertion, Defendant alleges that TrueAllele's reliability cannot be evaluated without the source code. The Pennsylvania Superior Court, in Commonwealth v. Foley, 2012 PA Super 31, 38 A.3d 882 (Pa. Super. 2012) (en banc), disagreed. The Foley court discussed whether TrueAllele testing was admissible pursuant to Frye v. United States, 293 F. 1013 (D.C. Cir. 1923) and in so doing found that TrueAllele was not "novel" science. Foley addressed the issue of assessing the reliability of TrueAllele without the production of the source codes and determined that scientists could validate the reliability of TrueAllele without the source code. Id. at 889-90. In addition, the Foley court noted that the trial court had "[found] Dr. Perlin's methodology [to be] a refined application of the "product rule," a method for calculating probabilities that is used in forensic DNA analysis." Foley, 38 A.3d at 888. The Superior Court noted that evidence based on the product rule previously has been deemed admissible under Frye. Id., citing Commonwealth v. Blasioli, 552 Pa. 149, 713 A.2d 1117, 1118 (Pa. 1998).

Case 2:19-cr-00369-DWA   Document 47-2   Filed 06/16/20   Page 2 of 2

Page 2 of 2

2016 Pa. Dist. & Cnty. Dec. LEXIS 21764, *2

As the defense has argued that *Foley* is not controlling on the question of materiality of the source code, this Court held a two day hearing and considered expert testimony and argument. After considering the testimony, this Court determined that the source code is not [*3] material to the defendant's ability to pursue a defense.

Moreover, release of the source code would not be reasonable under *Pa. R. Crim. Pro. 573 (A)*. Dr. Mark Perlin, founder of Cybergenetics, stated in his April 2015 Declaration that disclosure of the source code would cause irreparable harm to the company, as other companies would be able to copy the code and potentially put him out of business. (Commonwealth's Supplemental Answer to Motion for Discovery, Exhibit 1, "Declaration of Mark W. Perlin, April 2015" para. 54-55) An order requiring Cybergenetics to produce the source code would be unreasonable, as release would have the potential to cause great harm to Cybergenetics. Rather than comply, Dr. Perlin could decline to act as a Commonwealth expert, thereby seriously handicapping the Commonwealth's case.

42 Pa.C.S. § 702(b) states that if the trial court believes the interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the matter, it shall so state in such order." This Court is not of the opinion that the discoverability of the source code for Cybergenetics' [*4] TrueAllele Casework system involves a controlling issue of law to which a substantial ground for a difference of opinion exists. Defendant alleges that the Honorable Jeffrey A. Manning's ruling in the *State of California v. Martell Chubbs* creates a substantial ground for a difference of opinion. However, in that case J. Manning merely enforced a subpoena *duces tecum* ordering Dr. Perlin to appear in California with the documents subject to the subpoena but he left the ultimate disposition of the discovery request to the California court. Ultimately, the California Superior Court did not require Cybergenetics to produce the source code.[1] Further, J. Manning, in another pending matter involving a discovery request for the TrueAllele source code, declined[2] to read his ruling in *Chubbs* as controlling or contradictory and deferred to this Court for a ruling on the issue of the discoverability of source code. Similarly, the Honorable Edward J. Borkowski, without a hearing, quashed a subpoena *duces tecum* requesting production of the TrueAllele source code in another case pending in this this Court.[3]

Reviewing *Foley* and *Chubb* [*5] , as well as the pretrial proceedings of record in other matters pending before my colleagues in the Criminal division of the Court of Common Pleas of Allegheny County, and taking into consideration the briefs and arguments of the parties, this Court finds no reason to certify its December 7, 2015 Discovery Order for Interlocutory Appeal.

**BY THE COURT:**

/s/ Jill E. Rangos, J.

**Honorable Jill E. Rangos**

---

End of Document

---

[1] 2015 WL 139069 (Unpublished Opinion)

[2] *Commonwealth v. Chelsea Arganda and Chester White*, CC# 2013-17748 and CC# 2013-17753.

[3] *Commonwealth v. Wade*, CC# 2014-04799.