IN THE COURT OF COMMON PLEAS FIFTH JUDICIAL DISTRICT
ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | CRIMINAL DIVISION |
| v. | CC No.:  201317748 |
| CHELSEA LYNN ARGANDA | |
| Defendant. | |

---

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | CRIMINAL DIVISION |
| v. | CC No.:  201317753 |
| CHESTER WHITE, JR., | |
| Defendant. | |

ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

FILED
16 JUN -9 AM 10: 06

MEMORANDUM OPINION AND
ORDER OF COURT

Honorable Jeffrey A.
Manning, P.J.

For the Defendant Arganda:
Noah Geary, Esquire

For the Defendant White:
Kenneth J. Haber, Esquire

For the Commonwealth:
Brian Catanzarite, Esq.

1

IN THE COURT OF COMMON PLEAS FIFTH JUDICIAL DISTRICT
ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

        v.                    CC No.:  201317748

CHELSEA LYNN ARGANDA

        Defendant.

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

        v.                    CC No.:  201317753

CHESTER WHITE, JR.,

        Defendant.

## **MEMORANDUM OPINION AND ORDER OF COURT**

Manning, J.

Before the Court are several Motions filed on behalf of the
defendants, Chelsea Arganda and Chester White, Jr.; Motions to
Reconsider the Court's April 13, 2016 Order quashing the Subpoena
issued to Dr. Mark Perlin and Cybergenetics; Motions for Discovery and
a request, made on the record at the May 2, 2016 hearing on the
aforementioned Motions,  asking that this Court certify the issue
decided by the April 13, 2016 order for interlocutory appeal.  For the
reasons that follow, all three Motions will be denied.

The Motion to Reconsider and the Motion for Discovery attempt
to re-litigate the issue decided by this Court in its April 13 order.  The

2

defendants offered nothing new in its pleadings that would cause this Court to reconsider its ruling or permit the discovery requested.

Turning to the request that this Court certify the matter for interlocutory appeal, the Court would note that our colleague, the Honorable Jill A. Rangos, addressed an identical request in Commonwealth of Pennsylvania v. Michael Robinson at CC 201307777. There defense counsel, who also represents the defendant White in this matter, filed a Motion asking Judge Rangos to amend her order denying the defendant's request for production of the source codes in discovery to include a statement that would permit an interlocutory appeal.

In a Memorandum Opinion denying that request, filed on February 4, 2016, Judge Rangos rejected the defendant's argument that this Court's Memorandum Opinion in In Re: Application for Out of State Subpoena, (MD No. 2861-2014, Slip Opinion, June 16, 2014, supports the claim that there is a substantial grounds for difference of opinion as to the issue presented. Judge Rangos was correct. This Court did not rule in that matter on whether the source codes for the TrueAllele system were discoverable.

The *sole* issue presented to the Court was the application of 42 Pa. C.S.A. § 5963 to the subpoena issued to Dr. Perlin from the Superior Court of California in the case of The People of California v. Martell Chubbs.  Section 5963 provides:

3

**(a) General rule.**--If a judge of a court of record in any state which by its laws has made provision for commanding persons within that state to attend and testify in this Commonwealth certifies under the seal of such court that there is a criminal prosecution pending in such court, or that a grand jury investigation has commenced, or is about to commence, that a person being within this Commonwealth is a material witness in such prosecution or grand jury investigation and his presence will be required for a specified number of days, upon presentation of such certificate to any judge of a court of record in the county in which such person is, such judge shall fix a time and place for a hearing and shall make an order directing the witness to appear at a time and place certain for the hearing.

**(b) Hearing.**--If at a hearing the judge determines that the witness is material and necessary, that it will not cause undue hardship to the witness to be compelled to attend and testify in the prosecution or a grand jury investigation in the other state and that the laws of the state in which the prosecution is pending or grand jury investigation has commenced or is about to commence and of any other state through which the witness may be required to pass by ordinary course of travel will give to him protection from arrest and the service of civil and criminal process, he shall issue a summons with a copy of the certificate attached directing the witness to attend and testify in the court where the prosecution is pending or where a grand jury investigation has commenced or is about to commence, at a time and place specified in the summons. In any such hearing the certificate shall be prima facie evidence of all the facts stated therein.

42 Pa. C.S.A.§ 5963.  Thus, this Court's determination of "materiality" in that matter was in the context of the enforcement of the subpoena pursuant to section 5963.  The Court did not address, as it was not an issue presented, whether the evidence was "material" as that term is applied in the context of Pennsylvania Rule of Criminal Procedure 573

4

governing pretrial discovery and inspection or for any other purpose.

The Court simply found, based upon the certification from the California Court whose subpoena this Court was being asked to enforce, that Dr. Perlin was a material witness and that the items he was being directed to produce pursuant to that subpoena were material.  That determination was based on the representation of California Superior Court Judge Richard R. Romero as to the materiality of Dr. Perlin and the information sought pursuant to the subpoena.   This Court specifically noted:

> "... Judge Romero, who is in a much better position than this Court to make that determination, found that he is a material witness in the Certificate he issued pursuant to the Uniform Act.  Section 5963 (b) of Pennsylvania's version of the Uniform Act, provides that "...the certificate shall be *Prima Facie* evidence of all of the facts stated therein."  42 Pa. C.S.A. § 5963 (b).  Nothing that was presented to this Court during the June 9 hearing called into question the accuracy of Judge Romero's materiality determination."

In Re: Application for Out of State Subpoena, Supra. at pp. 3-4

This Court also points out that the defendant in the Robinson matter filed a Petition for Review with the Pennsylvania Superior Court requesting that it agree to hear the interlocutory appeal.  The Super Court rejected that request.  (See *Commonwealth v. Robinson, 25 WDM 2015, April 21, 2016 Per Curiam Order).*  In light of the determination by Judge Rangos that the question of the discoverability of the TrueAllele source codes did not involve a controlling question of

5

law for which there is substantial grounds for a difference of opinion, a determination upheld by the Superior Court, this Court will deny the same request made here.

Testimony based upon the TrueAllele system developed by Dr. Perlin has been admitted in New York (State v. Wakefield, 9 N.Y.S. 3d 540 (2015 N.Y. Slip. Op. 25037), and in Virginia (Ramsey v. Commonwealth, 757 S.E. 2d 576 (Court of Appeals 2014)). In the California case that gave rise to this Court's decision in the California case, the California Court of Appeal, Second District, Division 4, held that the defendant in that case had " ... not demonstrated how TrueAllele Source Code is necessary to its ability to test for reliability of its results. We therefore conclude that Chubbs has not made a prime facie showing of the particularized deed for the TrueAllele's Source Code." 2015 W.L. 139069, at 6. Although that California Supreme Court's decision cannot be cited as precedent, it is certainly instructive regarding the defendant's claims in that the California Court of Appeals determined, as has Judge Rangos here, that the TrueAllele's Source Codes were not material and therefore not discoverable. The Pennsylvania Superior Court, in Commonwealth v. Foley, 38 A.2d 882 (Pa. Super. 2012), rejected a claim raised by the appellant therein that TrueAllele evidence should be excluded because "...no outside scientist can replicate of validate Dr. Perlin's methodology because his

computer software is proprietary." 38 A.2d at 888-889.  Writing for a

unanimous panel, Judge Panella wrote:

> Foley's third reason for exclusion is misleading because
> scientists can validate the reliability of a computerized
> process even if the "source code" underlying that process
> is not available to the public. TrueAllele is proprietary
> software; it would not be possible to market TrueAllele if it
> were available for free. *See* N.T., Hearing, February 18,
> 2009, at 54. Nevertheless, TrueAllele has been tested and
> validated in peer-reviewed studies.

*Id.* at 889.

Three members of the Court of Common Pleas of Allegheny

County have now had the opportunity to address the issue raised

herein. This Court, Judge Rangos and The Honorable Edward J.

Borkowski in Commonwealth v. Wade, CC201404799, reached the

same conclusions, that that the TrueAllele source codes are not

discoverable as they are not material.  Appellate Courts in three other

jurisdictions have reached the same result.  Accordingly, the request

that this Court certify this issue for interlocutory appeal will be denied.


Date: June 8, 2016                    BY THE COURT:

                                      _____ , P.J.

7

COMMONWEALTH OF PENNSYLVANIA,     CRIMINAL DIVISION

        v.                         CC No.:  201317748

CHELSEA LYNN ARGANDA

          Defendant.

## ORDER OF COURT

AND NOW, this **8TH** day of ___June___, 2016, for the

reasons set forth in the attached Memorandum Opinion, it is ORDERED

as follows:

      1.    Defendants' Motion to Reconsider the Court's
April 13, 2016 Order is DENIED;

      2.    The defendants' Motion for Discovery filed on
May 2, 2016 is DENIED; and

      3.    The defendants' request that this Court
certify this issue for interlocutory appeal is DENIED.

                    BY THE COURT:

                                , P.J.

Copies To:

Noah Geary, Esq.            Kenneth J. Haber, Esquire
30 E. Beau Street, Ste. 225   Difenderfer Rothman & Haber
Washington PA 15301       304 Ross Street, Suite 400
                           Pittsburgh, PA  15219
Brian Catanzarite, Esq.
Assistant District  Attorney
400 Allegheny County Courthouse
Pittsburgh, PA  15219

8