IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) No. 19-369 |
| v. | ) |
| LAFON ELLIS | |

**MEMORANDUM ORDER**

In this action, Defendant was indicted on one Count of violating 18 U.S.C. § 922(g)(1). He has entered a plea of not guilty. On April 20, 2020, Defendant filed three sealed, ex parte Motions. In addition, in April 29, 2020, Defendant filed another sealed, ex parte Motion, which sought an amendment related to one of the Motions filed on April 20. The Court granted Defendant's Motions, by sealed Orders dated April 21, 2020 and April 30, 2020 (the "April 30 Order").

Subsequently, in an unsealed Motion attaching the previously sealed April 30 Order relating to Cybergenetics, the Government moved for service of the subpoena.[1] Cybergenetics informed the Government of the subpoena, and the Government requested the opportunity to challenge same. The Court granted the Government's request, and directed Defendant to serve the Government with his Motion for the subject subpoena. The Government's Motion to Quash the subpoena followed on June 16, 2020. Defendant's response thereto is due by July 13, 2020.

In addition, a non-party to this action filed sealed materials with this Court, relating to Docket No. 29, one of Defendant's April 20, 2020 filings. At the direction of the Court, the non-

---

[1] As a result of the Government's filing, the contents of the April 30 Order are part of the public record. The Court will refer herein only to information that is publicly available.

1

party's filings have been disclosed to counsel of record.  The Government has filed a submission relating thereto, and Defendant's is due by July 13, 2020.

On July 1, 2020, Defendant filed another sealed, ex parte Motion. In response, the Court scheduled a telephone conference on July 16, 2020, to discuss the issuance of subpoenae, and stating that Defendant's sealed Motion would be held in abeyance pending the conference.

The Government's Motion to Quash, and the non-party's filings, will be addressed and adjudicated in due course.  Today, however, the Court will attend to the practice of sealed, ex parte filings in this matter.   Although the parties are slated to speak thereon at the upcoming telephone conference, the Court has considered the pertinent issues. In so doing, I have determined that the interests of justice, and considerations of judicial economy and that of the parties, warrant a ruling at this time.

Federal Rule of Criminal Procedure 17(c) provides, in pertinent part:

 (c) Producing Documents and Objects.

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

"A majority of courts considering this issue have found ex parte Rule 17(c) motions inappropriate, 'at least absent extraordinary circumstances.'" United States v. Mike, No. 2009-36, 2016 U.S. Dist. LEXIS 199064, at *4 (D.V.I. Aug. 4, 2016) (quoting United States v. Stewart, No. 96-583, 1997 U.S. Dist. LEXIS 2444, at *3 (E.D. Pa. Mar. 4, 1997)); see also United States v. Fulton, No. 13-261, 2013 U.S. Dist. LEXIS 123229, at *3 (D.N.J. Aug. 29,

2

2013). [2] A Rule 17(c) subpoena is not a substitute for the limited discovery otherwise allowable in criminal cases. See United States v. Bennett, No. 13-320, 2014 U.S. Dist. LEXIS 25698, at *4 (S.D. W. Va. Feb. 28, 2014). "[C]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule 16]." United States v. Cuthbertson, 651 F.2d 189, 197 (3d Cir. 1981). Generally speaking, our Court of Appeals disfavors ex parte motions. United States v. Wecht, No. 06-26, 2008 U.S. Dist. LEXIS 8078, at *14 (W.D. Pa. Feb. 4, 2008). In accord with these principles, a party seeking ex parte relief faces a heavy burden to demonstrate that proceeding ex parte is warranted. Mike, 2016 U.S. Dist. LEXIS 199064, at *4. My colleague has found that this Court may entertain ex parte motions if the movant shows good cause:

> [I]f defendant wishes to secure documents in advance of a witness' testimony but, because he fears that filing the motion required by Rule 17(c) will require him to divulge trial strategy to the detriment of his defense or in violation of his constitutional rights, he may file his motion ex parte, but he will be required to make a showing of good cause for keeping the motion ex parte.

Wecht, 2008 U.S. Dist. LEXIS 8078 at *14.

Here, the Court encourages the parties to confer and arrive at an agreement regarding a protocol for dealing with the existing sealed, ex parte filings. Absent agreement, Defendant may either elect to withdraw its sealed Motions at Docket Nos. 29, 30, 31, 35, and 63, in which case the Court will vacate its Orders at Docket Nos. 32, 33, 34, and 36, and no seal shall be lifted. In the alternative, Defendant may submit a sealed brief in support of maintaining the seal on each of

---

[2] While Rule 17(b) permits an ex parte procedure, that rule "establishes a procedure by which indigent persons may acquire necessary subpoenas for trial witnesses." United States v. Beckford, 964 F. Supp. 1010, 1015 (E.D. Va. 1997).

its Motions and Orders granting same, including the pending sealed Motion.[3] The seal will be lifted immediately as to any Motion for which the Court rejects Defendant's argument. Of course, Defendant may also consent to lifting the ex parte, sealed designation of any or all of its Motions. A proposed Order reflecting an agreement by the parties, or Defendant's filing in response to this Memorandum Order, is due by July 31, 2020. The Court's Orders of April 21 and April 30 (Docket Nos. 32, 33, 34, and 36) are stayed, pending resolution of the Government's Motion to Quash, the issues raised by the non-party, and the submissions due on July 31, 2020. The telephone conference scheduled for July 16, 2020, is cancelled.

AND NOW,  this 10th day of July, IT IS SO ORDERED.

BY THE COURT:

_Donetta F. Ambrose_

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court

---

[3] The Government's June 16, 2020 filing placed the substance of the filing related to Cybergenetics on the public record, and Defendant has not filed any request to seal the Government's filing or lodged any similar objection. The lack of objection would appear to belie any assertion of harm caused by unsealing the pertinent documents.