IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-369 |
| | ) | |
| LAFON ELLIS | ) | |

**MOTION FOR NOTICE OF INTENT TO INTRODUCE EVIDENCE
PURSUANT TO FEDERAL RULES OF EVIDENCE 404(B) AND 609
REQUEST AND MOTION TO COMPEL DISCLOSURE 45 DAYS IN
ADVANCE OF TRIAL**

Lafon Ellis hereby notices the government that he is requesting Federal Rules of Evidence 404(B) and 609 evidence and seeks an Order from this Court compelling disclosure of such evidence 45 days prior to trial. In support thereof, Mr. Ellis states:

1. An Indictment was filed against Mr. Ellis alleging violation of 18 U.S.C. 922(g).

2. Mr. Ellis seeks an Order compelling a written list of any and all alleged prior bad acts and/or criminal convictions which the government intends to seek to enter into evidence in its case-in-chief and with which the government would attempt to impeach Mr. Ellis on cross examination if Mr. Ellis were to exercise his constitutionally guaranteed right to testify, or which the government intends to use as general impeachment or rebuttal evidence.

3. According to the commentary to Rule 404(b), other than requiring pretrial notice, no specific time limits are stated in connection with the mandate to provide "reasonable notice." Thus, this Court has broad discretion to decide what "reasonable notice" is.

4. Mr. Ellis asks this Court to compel the government to produce the requested information 45 days before trial. First, the 45 days will give Mr. Ellis time to effectively research the law. Second, it will give him time to write any needed motion *in limine* to challenge the admissibility determination. Third, it will aid judicial efficiency by providing enough time to schedule the

1

hearing after a motion in objection of the evidence has been filed. Fourth, it will give Mr. Ellis enough time to prepare trial testimony and his defense in accordance with this Court's ruling at the admissibility hearing.

5.     Other courts in this district have ordered 21 days, and there are courts that have ordered as low as 7-10 days to be sufficient[1], but Mr. Ellis asks this Court to grant the request his attorney is making because that is how much time his attorney believes he needs in order to effectively prepare. The government cannot say that they will be prejudiced if required to disclose such information 45 days prior to trial. If the government objects to that time-frame, Mr. Ellis would like to know the reasons why the government will be specifically prejudiced other than a recitation of other court's ruling that 7 to 10 days or even 21 days is sufficient and "reasonable notice." Federal criminal defendants, such as Mr. Ellis, already have limited discovery rights, this Court should exercise its discretion and give deference to the time Mr. Ellis requests to receive and adequately prepare for discovery he is entitled too.

## POINTS & AUTHORITIES

6.     Federal Rule of Evidence 404(b) provides that the prosecution must provide reasonable notice of the nature of any evidence it intends to offer under the Rule:

> (b) **Other crimes, wrongs, or acts**. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature or any such evidence it intends to introduce at trial.

---

[1] *See United States v. Evangelista*, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); *United States v. Alex*, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); *United States v. Williams*, 792 F.Supp. 1120, 1133 (S.D. Ind. 1992) (ten days).

Fed. R. Evid. 404(b).

7.  As the Advisory Committee's Note explains, the 1991 Amendment to Rule 404(b) placed a duty upon the government to provide a defendant with pretrial notice of its intent to introduce into evidence any evidence pursuant to Rule 404(b):

> The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility. The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence. See, e.g., Rule 412 (written motion of intent to offer evidence under rule), Rule 609 (written notice of intent to offer conviction older than 10 years), Rule 803(24) and 804(b)(5)(notice of intent to use residual hearsay exceptions).
>
> The Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion.
>
> . . . The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal. The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness. Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.

Fed. R. Evid. 404 advisory committee's note.

8.  Courts have insisted upon the importance of reasonable notice in this context. The availability of 404(b) evidence to the prosecution bears on a determination of reasonable notice; "the notice requirement's purpose of reducing surprise is not served by allowing mere negligence to excuse a prosecutor's failure to give notice." *United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir. 1994) (citations and quotations omitted). A proper demand from a defendant shifts the burden to the government. "To protect defendants from 'trial by ambush,' the Government should be charged with the knowledge of 404(b) evidence that a timely and reasonable preparation for trial would have revealed." *Id*.

9.  "Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999) (citing *Perez-Tosta*, 36 F.3d at 1561). The government risks exclusion of 404(b) evidence from a trial if it does not provide timely notice. *Id.* at 1153; *United States v. Blount*, 502 F.3d 674, 677 (7th Cir. 2007) ("Without notice, 404(b) evidence is inadmissible."); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1241 (10th Cir. 1996); *United States v. Gasparik*, 141 F. Supp. 2d. 361, 368 n.4 (S.D.N.Y. 2001) (holding that government's failure to provide timely notice of 404(b) evidence makes such evidence inadmissible as "fundamentally unfair" to defendant). Such notice must also be sufficiently clear and precise. "[T]he government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." *United States v. Barnes*, 49 F.3d 1144, 1148-49 (6th Cir. 1995). Clarity and precision are crucial, because the notice must "permit pretrial resolution of the issue of admissibility." *Id.* at 1149 (quotation and citation omitted). If the purpose of the evidence described in the notice is not apparent, such evidence is inadmissible at trial. *United States v. Birch*, 39 F.3d 1089, 1093 (10th Cir. 1994).

10. Although identified in a timely notice, the admissibility of the evidence itself must be determined by the district court under the standards for admission of evidence under Rules 402, 403 and 404(b) of the Federal Rules of Evidence. *United States v. Huddleston*, 485 U.S. 681, 686 (1988); *see also United States v. Daraio*, 445 F.3d 253, 263-64 (3d Cir. 2006) (holding that prior bad act evidence, in order to be admissible, must still be relevant, have a proper purpose under Rule 404(b), and have probative value that outweighs its prejudicial effect). The district court is vested with this task. "Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court[.]" Fed. R. Evid. 104(a).

11. It is crucial, however, that a court make this admissibility determination prior to trial. "Because rule 404(b) evidence has the potential to unduly prejudice the defendant's case, the district court should rule on the admissibility of such evidence prior to trial whenever possible." *United States v. Chirinos*, 112 F.3d 1089, 1098 (11th Cir. 1997). An order requiring the government to provide advance notice of its intent to offer such evidence provides the court and defense counsel with the only means of establishing appropriate safeguards as a prerequisite to the admissibility of such evidence under Rule 104 of the Federal Rules of Evidence. *See United States v. Foskey*, 636 F.2d 517, 526 n.8 (D.C.Cir. 1980) (suggesting that pretrial disclosure by government of uncharged misconduct evidence is the most efficient means of dealing with questions of admissibility as to such evidence).

12. In criminal cases, as in all jury cases, "proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Fed. R. Evid. 103(c). Since a ruling under Rule 404(b) is a ruling on admissibility, an offer of evidence under the rule will require a hearing outside the presence of the jury. *See id.*; *see also United States v. Ceballos*, 593 F. Supp.2d 1054, 1059 (S.D. Iowa 2009) ("[A] jury has no right to hear inadmissible evidence." (Citing *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)).

13. Moreover, if any of the evidence that the government seeks to introduce requires the testimony of the defendant, in order for the court to determine the relevancy and admissibility of the evidence, the admissibility hearing must be conducted out of the hearing of the jury under Rule 104(c) of the Federal Rules of Evidence. *See* Fed. R. Evid. 104(c) ("Hearings on the admissibility of confessions shall in all cases be conducted outside the hearing of the jury. Hearings on other

preliminary matters shall be so conducted when the interests of justice require, or when an accused is a witness and so requests.").

14. The relief requested by this Motion will permit the defense to raise any objections to problematic evidence prior to trial, thus contributing substantially to minimizing interruptions at trial, to judicial and jury economy, and to the effective, fair and expeditious administration of justice generally. To that end, the government should be required to provide notice of its intention to use, and produce, Rule 404(b) and Rule 609 evidence 45 days in advance of trial.

## REQUEST FOR RELIEF

Lafon Ellis respectfully moves this Honorable Court to order the government to produce all evidence of prior bad acts and prior convictions that the government intends to use in its case-in-chief, on cross examination, impeachment or rebuttal 45 days in advance of trial.

Respectfully Submitted,

/s/ Khasha Attaran
Khasha Attaran
Assistant Federal Public Defender