IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                    ) | Criminal No. 19-369 |
| ) | |
| ) | |
| LAFON ELLIS                                 ) | |

**MOTION TO COMPEL PRODUCTION OF SPECIFIED DISCOVERY ITEMS**

The defendant, Lafon Ellis, through counsel, files this Motion for an Order Compelling the Government to Produce Specific Discovery.

**SPECIFIC DISCOVERY REQUESTS**

**1. MR. ELLIS REQUESTS ANY WRITTEN OR RECORDED STATEMENT PURSUANT FED. R. CRIM. P. 16(a)(1)(B).**

Recordings of a defendant's statements are discoverable pursuant Federal Rule of Criminal Procedure 16(a)(1)(B)(1).

Here, along with a general request for any written or recorded statement of Mr. Ellis, the defense specifically requests:

- All recorded Allegheny County Jail phone calls of Lafon Ellis which are specifically referenced in Officer Edward A. Fallert's Supplemental Reports.

**2. MR. ELLIS REQUESTS THE ABILITY TO INSPECT, COPY, OR PHOTOGRAPH DOCUMENTS OR OBJECTS PURSUANT FED. R. CRIM. P. 16(a)(1)(E).**

Federal Rule of Criminal Procedure Rule 16(a)(1)(E) addresses the government's obligations with respect to physical evidence.

Here, the defense invokes their right under the above referenced rule and specifically requests the following:

- Make the gray hoodie found in the parking garage of City View Apartments by Officer Griffin available for inspection. The hoodie found in the parking garage is alleged to have

been worn by the person who drove the car. Mr. Ellis would like to inspect and examine this hoodie to prepare for his defense.

- Make available for inspection, copying, and/or photographing, the originals of any fingerprints taken from Mr. Ellis used to compare to any latent prints found inside the car.

- Make available for inspection, copying, and/or photographing the latent prints taken from inside the car.

- Make available for inspection the 2011 black Kia Sorento ("the car").

- Make available for inspection, copying, and/or photographing, photos taken by City of Pittsburgh license plate reader cameras from June 13, 2018 until June 21, 2018, which allegedly show the car, as referenced in Officer Edward A. Fallert's Supplemental Report.

- Make available for inspection, copying, and/or photographing the photos taken of the 2011-2013 black Kia Sorento that "was observed in surveillance footage captured at the scene of the murder of Travon Smart but also two shootings that occurred in Zone 3 on June 13, 2018 in which two males were shot," as referenced in Officer Edward A. Fallert's Supplemental Report in re "Identification of Suspect Vehicle and Tie to Suspect Lafon Ellis."

- Make available for inspection, copying, and/or photographing the photos viewed by Officer Edward A. Fallert which he believed to be photographs of the vehicle involved in the Travon Smart homicide the two zone 3 shootings that took place on June 13, 2018.

- Make available for inspection, copying, and/or photographing the dispatch audio call of Hasna Brown reporting her black Kia Sorento stolen, as referenced in Officer Edward A. Fallert's Supplemental Report.

- Make available for inspection, copying, and/or photographing the drug dog "Dodo" training, certifications, standards, handler's log, handling records including: Canine's success rate, and types of alert used.

- Make available for inspection, copying, and/or photographing prior police reports, pre-dating August 21, 2018, involving Lafon Ellis and Officer Santino Mammarelli. For reference, Officer Mammarelli claims that he knows Mr. Ellis from prior police interactions, he fails to mention which ones, if one's do exist.

- Make available for inspection, copying, and/or photographing any video recordings recovered from the Knoedler parking lot at the Baldwin Borough Sub Station where the car's owner Hasna Brown told officers she last saw her car at.

3. **MR. ELLIS REQUESTS REPORTS OF EXAMINATIONS OF FORENSIC TESTS, AND EXPERT WITNESS MATERIALS PURSUANT FED. R. CRIM. P. 16(a)(1)(F)-(G).**

Reports of examinations and tests are covered by Federal Rule of Criminal Procedure Rule 16(a)(1)(F). Expert witness materials are covered by Federal Rule of Criminal Procedure Rule 16(a)(1)(G).

Pursuant Rule 16(a)(1)(E)-(F)-(G), Mr. Ellis asks this Court to order the disclosure of the forensic laboratory related discovery, enumerated below, in reference to Lab No. 18LAB06905 from County of Allegheny Office of the Medical Examiner regarding the DNA tests performed in this case specifically DNA swabs taken from Sig Sauer SP2022 40 Pistol, DNA-2: From magazine, DNA swabs from Black Bic Lighter and the Bode buccal collector from Lafon Ellis. These items were first analyzed by County of Allegheny Office of the Medical Examiner and subsequently sent to be analyzed by Cybergenetics using their TrueAllele software. Nothing in the Rule delays production until closer to trial.

The following specific materials are requested as to each of these items associated with Lab No. 18LAB06905 from the County of Allegheny Office of the Medical Examiner:

i. **Biological testing case file**: Please provide a complete copy of the case file including all records made by each laboratory in connection with biological testing in the instant case, including biological screening, serological testing, presumptive testing, microscopy and DNA testing. Please provide documentation of any DNA profile uploaded to a local, state or national DNA database (LDIS, SDIS or NDIS). Please provide photographic quality copies of all photographs in the original case file (including photographs of evidence). Electronic copies of photographs are acceptable.

ii. **Chain of custody and current disposition of evidence**: Please provide copies of all records that document the treatment and handling of biological evidence in the instant case, from the initial point of collection up to the current disposition. This information should include documentation that indicates where and how the materials were stored (temperature and type of container), the amount of evidence material that was consumed in testing, the amount of material that remains, and where and how the remaining evidence is stored. In

iii. **Data files**: Please provide copies of all computer data files created in the course of performing the DNA testing and analyzing the data in this case (i.e., both raw data and processed data). These data files should include all sample files (".fsa" and/or ".hid"), project files (".ser"), matrix files, size standard files and analysis method files. In the event that a particular data file cannot be produced, please provide name of said file with explanation for non-production.

iv. **Laboratory protocols, frequency tables and interpretation guidelines**: Please provide a copy of the standard operating protocols (SOPs), frequency tables and interpretation guidelines relied upon to perform the testing in the instant case. Interpretation guidelines should include those that address; (i) peak detection threshold(s), (ii) stochastic threshold(s), (iii) interpretation of mixed samples, (iv) declaration of inclusions, exclusions and inconclusive findings, and (v) policies for reporting results and statistics.

v. **Unexpected results and corrective actions**: For each laboratory that performed DNA testing in the instant case, please provide copies of the laboratory's log of unexpected results and corrective actions. The logs should be provided for the time period beginning six months before the start of testing and ending six months after the completion of testing. Documentation should be provided for unexpected result events that arose due to mechanical, chemical and analyst operations, including; contamination, the presence of extraneous DNA, sample handling errors or any other reason. The logs should be provided for all laboratory personnel not just the analyst(s) who performed the testing in the instant case. Please note, this is a request for the logs themselves, not just for entries within the logs that pertain to the instant case.

vi. **Accreditation**: Please provide copies of the following for any laboratory that performed DNA testing in the instant case:

   a. All licenses or other certificates of accreditation held by the laboratory.

   b. Quality Assurance Audit Documents bracketing the testing in the instant case, including the last external audit before the start of testing, the first external audit after the completion of testing and all audits, both external and internal, for the time period between. This information should include the audit documents and all communications between the auditing agency and the laboratory being audited. Electronic copies preferred.

vii. **Laboratory personnel**: Please provide background information for each person involved in conducting or reviewing the DNA testing performed in the instant case, including:

   a. Current resume and job description.

   b. A summary of proficiency test results.

viii. **Communications**: Please provide a copy of all communications between laboratory personnel and any other party with regard to the instant case, including letters, memos, emails and records of telephone conversations (including communications with regard to any DNA profile uploaded to a local, state or national DNA database (LDIS, SDIS or NDIS)).

Early disclosure of these materials is necessary for review and evaluation by the defense's expert witnesses'. These materials need to be analyzed sooner than later, because any errors found within the analyzation and process' of the handling of the DNA may contribute to additional claims to exclude DNA software results of TrueAllele that government is relying on to prove an essential element of the charge.

4. **ADDITIONAL MATERIALS SOUGHT.**

   **A) Computer Aided Dispatch Report Identifiers.**

As part of the government's discovery production, a law enforcement computer aided dispatch report ("CAD Report") was produced. The CAD report produced in this case provides a computerized detailed history for the police event on August 21, 2018. Specifically, it provides a history of where the officer who claims to have seen Mr. Ellis driving the car was at the time of his alleged identification. Knowing the identity of the officers associated with vehicle numbers will aid Mr. Ellis in the preparation of his defense as to possible constitutional violations, by providing intel as to the officer's vantage point and ability to allegedly identify Mr. Ellis as the person behind the wheel of the car. As seen below, the CAD report includes a number of identifiers (time, location, notes, and the name of the police officer associated with a particular vehicle) While most vehicle numbers on the CAD report are associated with an operator or officer (*e.g.* "C3390" Officer Weinheimer, and Littler, and "C3323" Officer Blose), some vehicle numbers are not. *See sample CAD report below*:

```
20:49:18  MISC     C3262 Comment:HEADED TOWARD WEST END ON 51 CROSSING WARRINGTON NOE
20:49:29  BACKER   C3KE7 UnitID:C3262 Location:W SAW MILL RUN BLVD/W WARRINGTON AVE,
                   PGH Operator:PPK90024 PP037151 OperNames:K9: DODO; OFC COYNE,
                   LUCAS
20:49:29  BACKER   C3380 UnitID:C3262 Location:W SAW MILL RUN BLVD/W WARRINGTON AVE,
                   PGH Operator:PP007468 OperNames:SGT FONG, MAY
20:49:29  BACKER   C3690 UnitID:C3262 Location:W SAW MILL RUN BLVD/W WARRINGTON AVE,
                   PGH
20:49:29  BACKER   C3321 UnitID:C3262 Location:W SAW MILL RUN BLVD/W WARRINGTON AVE,
                   PGH
20:49:39  MISC     C3262 Comment:CROSSING CRANE
20:49:47  MISC     C3262 Comment:COMING AROUND THE BEND NOW BEHIND THE VEH
20:50:10  BACKER   C3390 UnitID:C3262 Location:W SAW MILL RUN BLVD/W WARRINGTON AVE,
                   PGH Operator:PP042955 PP042958 OperNames:OFC WEINHEIMER, ERIC; OFC
                   LITTLER, JARED
20:50:15  PRMPT    C3321
20:50:18  BACKUP   C3323 UnitID:C3262 Location:W SAW MILL RUN BLVD/W WARRINGTON AVE,
                   PGH Operator:PP041281 OperNames:OFC BLOSE, DYLAN
```

- Mr. Ellis requests disclosure of the name(s) of the officer(s) associated with C3262, C3323, and C3329.

**B) DNA of Other Potential Suspects.**

- Mr. Ellis requests disclosure of all other suspected person's DNA found by Cybergenetics using TrueAllele software after their DNA analysis. Specifically, the mixture in this case was analyzed 9 times, 3 times each as if it were a 3-person, a 4-person, or a 5-person mixture. The final value selected for reporting was taken from a 4-person analysis. Mr. Ellis requests disclosure of who these other people are which are contributing to the DNA mixture alleged to include Mr. Ellis' DNA.

- Mr. Ellis also requests disclosure of other known potential suspects known to the government or their prosecution team.

Respectfully Submitted,

/s/ Khasha Attaran
Khasha Attaran
Assistant Federal Public Defender

6