## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES                                    )   19-369
                                                 )
              v.

LAFON ELLIS

## MEMORANDUM OPINION

In this action, Defendant is charged with one Count of violating 18 U.S.C. § 922(g). Defendant has filed a sealed, ex parte request to the Court, seeking the issuance of a subpoena. [63].  By Order dated August 21, 2020, the Court permitted Defendant an opportunity to demonstrate good cause for maintaining the sealed, ex parte designation thereon.  [92]. Defendant filed a statement pursuant to that Order. [95].

As stated previously in this litigation, it is well settled that Rule 17(c) is not intended to be a broad discovery device.  Rule 17(c) is silent as to ex parte subpoenae, and courts disagree as to whether their issuance is proper.  United States v. Walker, No. 05-440-11, 2008 U.S. Dist. LEXIS 96148, at *5 (E.D. Pa. Nov. 24, 2008) (collecting cases).   Within this District, Judge Schwab has opined that our "Court of Appeals discourages ex parte motions, but will permit the trial court to entertain such motions …."  United States v. Wecht, 2008 U.S. Dist. LEXIS 8078, at **14-15 (W.D. Pa. 2008).   In so doing, he stated as follows:

> [I]f defendant wishes to secure documents in advance of a witness' testimony but, because he fears that filing the motion required by Rule 17(c) will require him to divulge trial strategy to the detriment of his defense or in violation of his constitutional rights, he may file his motion ex parte, but he will be required to make a showing of good cause for keeping the motion ex parte.

Id. at *15.

It has been observed that "[a]n interpretation which would require the defendant to divulge his or her theory of the case as a prerequisite for pre-trial productions would discourage

1

the defendant from using the Rule in the first place."   United States v. Tomison, 969 F. Supp. 587, 592-93 (E.D. Ca. 1997).  Nonetheless, such a protective stance must be balanced with the notion that ex parte proceedings are disfavored within this Circuit.  United States v. Wecht, 484 F.3d 194, 214 (3d Cir. 2007).

Merely because an ex parte subpoena may be permissible, "it does not follow that the defendant is entitled to strategic advantage or tactical surprise." United States v. Sellers, 275 F.R.D. 620, 625 (D. Nev. 2011).  Indeed, the plain language of Rule 17(c) permits the Court to direct production "in court," and inspection by "the parties and their attorneys."  Thus, the Court may make any materials produced in response to the subpoena available to both Defendant and the Government. See United States v. Buntyn, No. 20-708, 2020 U.S. Dist. LEXIS 174616, at *4 (D.N.M. Sep. 23, 2020); cf. also United States v. Daniels, 95 F. Supp. 2d 1160, 1164 (D. Kan. 2000).

In this particular case and in light of the above-referenced principles, I find that Defendant's Motion was appropriately filed ex parte and under seal.   Defendant has also made the requisite showing of relevance, admissibility, and specificity for the issuance of a Rule 17(c) subpoena.   The Motion will be granted, and the Motion and supporting materials [63, 95] will remain under seal.  Moreover, because the materials requested for production relate to information that is not wholly unknown to the Government, and Defendant's submission does not suggest that disclosure of the production itself would harm the Defendant or a non-party, all materials produced will be made available to both parties for inspection.

Thus, the Defendant's Motion [63] is granted and shall remain under seal. To comply with the plain language of Rule 17(c), however, the third party shall produce the requested materials to the following address:

U.S. District Court Clerk
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street
Pittsburgh, PA 15219

Upon receipt of the materials, the Clerk of Courts shall notify counsel for both parties that the materials are available for inspection and copying.   Defendant shall furnish the third party with a copy of this Order when serving the subpoena.  The Clerk of Courts is hereby advised that the documents so produced may be inspected and copied by Khasha Attaran and Brendan Conway, and/or their designated representative(s) from the Federal Public Defender's Office or United States Attorney's Office.

Going forward, the Court will not entertain sealed submissions from any party, absent prior leave of Court to file under seal.

AND NOW, this 22nd day of October, 2020, IT IS SO ORDERED.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court