## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) 19-369 |
| | ) |
| v. | ) |
| | ) |
| LAFON ELLIS | |

### MEMORANDUM ORDER

Defendant, with leave of Court, has filed a sealed, ex parte Motion seeking the issuance of a subpoena pursuant to Rule 17(c) [114]. He has also filed a sealed, ex parte brief in support of his request [115].

It bears repeating that ex parte proceedings are disfavored in this Circuit. Consistent with this stance, several courts have indicated that exceptional circumstances are required to justify such proceedings. See, e.g., United States v. Mike, No. 2009-36, 2016 U.S. Dist. LEXIS 199064, at *4 (D.V.I. Aug. 4, 2016); United States v. Fulton, No. 13-261, 2013 U.S. Dist. LEXIS 123229, at *3 (D.N.J. Aug. 29, 2013). Whether a subpoena shall issue in the first instance lies within the discretion of the Court. Mosberg v. United States, No. 08-678, 2011 U.S. Dist. LEXIS 139124, at *9 (D.N.J. Dec. 2, 2011).

In Defendant's Motion for Leave to File Under Seal [106], he identified only the brief in support of his Motion as "directly address[ing] the Defendant's defense strategy and work-product" [106]. Defendant does not submit that the Motion itself, or appended proposed subpoena, would divulge trial strategy or work product if disclosed, and he does not suggest any other cause for retaining the sealed, ex parte designations on the Motion. Indeed, his request for leave to file under seal did not include the Motion itself. Moreover, although the Court did not conduct an exhaustive, line-by-line search, it is apparent that much of the information contained in Defendant's sealed brief at [115] appears in other public filings in this matter.

The Court is mindful of Defendant's interests in the availability of process, and the importance of protecting certain materials from disclosure.  At the same time, however, a decision to withhold information from both the public and the opposing party is consequential.[1]  The Court certainly does not discourage Defendant from utilizing available processes, including those that he deems appropriate to pursue ex parte and under seal. Nonetheless, the parties and the Court must approach private processes with pronounced caution.

In light of the foregoing, I decline to issue the sealed, ex parte subpoena.  If Defendant so chooses, he may make a renewed application with notice to the Government, pursuant to Rule 17(c) and pertinent caselaw.  Given the information appearing on the public docket, it appears that Defendant could attempt to support his application without disclosing heretofore unrevealed defense strategy or work product.  If proper and necessary to avoid divulging specific information, however, when filing a renewed application or supporting materials with notice to the Government, Defendant may use page-specific citations to refer the Court to statements made in the sealed brief filed at [115].  If Defendant renews his application, the Court will assess at that time whether a subpoena should issue.[2]

AND NOW, this 23rd day of October, 2020, IT IS SO ORDERED.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
Senior Judge, U.S. District Court

---

[1] The Court notes, too, that information sought from the Allegheny County District Attorney's Office – initiated through an ex parte, sealed process -- became otherwise available to Defendant.  This happenstance demonstrates that while ex parte, sealed proceedings may sometimes be necessary, the interests of efficiency, economy, and fairness may be well served by typical procedures involving notice to all parties.

[2] Barring good reason to proceed otherwise, it is the Court's intention that documents responsive to Rule 17 subpoenae issued in this case will be directed to be produced to the Clerk of Courts and made available for inspection and copying by both parties.