IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.      ) | Criminal No. 19-369 |
| ) | |
| LAFON ELLIS ) | |

**DECLARATION OF BRYAN KENNEDY, ESQ.**

I, Bryan Kennedy, declare that I have personal knowledge of the following, and if called upon to do so, could and would testify to the matters contained herein.

1. I, Bryan Kennedy, am a Senior Assistant Public Defender at the Office of the Public Defender, in Fairfax County, Virginia. I have been employed with this office since 2012, and have been admitted to the bar of Virginia since 2011. I am counsel of record in the case of Commonwealth v. Clark Watson, FE-2019-279, which is currently pending trial by jury in the Circuit Court of Fairfax County. I have been counsel of record for the entire duration of this case.

2. On January 28, 2021, I was informed that Dr. Mark Perlin submitted an affidavit in this court that stated, in relevant part, "60. In September of this year, Cybergenetics made its source code available for defense inspection at its lawyer's office in a criminal case in Fairfax, Virginia, Commonwealth v. Clark Watson. The defense expert, Nathaniel Adams (who is also a defense expert in this case), never came to see it. Our Virginia lawyer, Brandon Shapiro, offered to drive out to Mr. Adams location with the source code; the defense declined the offer. Once the defenders were granted access to the source code, they no longer needed to see it or continue litigating the nonissue."

3. This statement contains multiple misstatements of fact. I have attached a transcript of a relevant hearing in the case and cite to that transcript below.

1

# EXHIBIT 3

4. First, Dr. Perlin states that "The defense expert…never came to see [the source code]." It is true that Mr. Adams has not *yet* come to see the source code, for several reasons. First, as I explained at my hearing, in November, Mr. Adams was not available to do work related travel as he had family members who were particularly vulnerable to COVID-19 and he could not come to Virginia without risking their health. See Tr. at 3-4. I offered several accommodations that would have alleviated this issue; however, Cybergenetics, through counsel, refused to agree to any of them. See Tr. at 5-7, 10-13.

5. At the end of the hearing, the Court continued the case. The trial date was ultimately set in February of 2022. I have had, and will continue to have, many other jury trials between October 2020 and February 2022, so I have not filed other motions in this case relating to the DNA, yet.

6. The parties have been actively litigating another part of this case in the Court of Appeals of Virginia since October 23, 2020.

7. We absolutely do still plan on having our expert come to view the source code when COVID-19 conditions improve and defense counsel's litigation schedule permits.

8. Next, Dr. Perlin states that "Our Virginia lawyer, Brandon Shapiro, offered to drive out to Mr. Adams [sic] location with the source code; the defense declined the offer." This is also not accurate. The defense did not comment on that at all. The Court addressed this issue starting at page 39 of the transcript. Cybergenetics' counsel offered to fly to Ohio, "if we could find some funding…"

9. The trial court responded that "I don't believe that a third party can come to this Court and make those decisions. I don't think a third party can say, "I want to protect my business interest," and then this court has to jump through those hoops to get that done.

# EXHIBIT 3

    What authority does this Court have to give any kid of funds for Mr. Shapiro to travel on behalf of Cybergenetics?" Tr. at 40.

10. The prosecutor then stated "…I could request Commonwealth funds since its the Commonwealth's—I guess its related to the Commonwealth. Although, I think they provided multiple options to this expert." The Court responded "Except an option that works." Tr. at 40. The Court then went on to explain its ruling. Tr. 40-44. At no time did the defense "decline the offer" to have the attorney fly to Ohio. The Court declined to release funds to pay for the attorney for a private company to fly and stay in another state for weeks at that company's request. At no time did the defense "decline" this offer.

11. As to Dr. Perlin's suggestion that "Once the defenders were granted access to the source code, they no longer needed to see it." This could not be farther from the truth. I have viewed the source code as it was provided on the ipad since the protective order was signed.

12. The ipad is a standard ipad. It is set up in "kiosk" mode, so once you turn it on and enter the passcode, one app opens. I could not tell what the app was. In this app, there was a list of thousands of items. These items were listed in alphabetical order, then it repeated in another list in alphabetical order, then again. I do not know enough about the items to know how they are related, if at all. Each item in the list was hyperlinked. When you click on the hyperlink, it leads to another page. I clicked on several links at random. Some pages contained one line of code, some contained about 40 lines of code. There is no way to copy and paste the code from this app. There is no way to run lines of code from the app. They can simply be viewed. No other development materials or items other than the source code (split up into sections) appeared on the laptop.

# EXHIBIT 3

13. We will be continuing to actively litigation both Cybergenetics' unwillingness to produce its source code in a meaningful, reviewable, format, as well as the lack of scientific validity of the software itself.

14. Finally, as to Dr. Perlin's suggestion that the source code is a "nonissue," is also not correct. The source code and its development, as well as the use of probabilistic genotyping as a whole, are central to our case. Once we are closer to trial, and once the Court of Appeals litigation is done, we will proceed litigating the DNA and software issues in this case.

15. Dr. Perlin has not discussed any of these issues with me, so it is unclear where he got the idea that we no longer needed the source code or that it was a nonissue. Dr. Perlin was also not present at any hearing in this case, so he did not get the information from defense counsel or any court proceeding.

January 29, 2021 in Fairfax, VA

Bryan Kennedy
Senior Assistant Public Defender
Office of the Public Defender
4103 Chain Bridge Road
Suite 500
Fairfax, VA 22030
bkennedy@vadefenders.org
703-934-5600

EXHIBIT 3