IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES                   ) 19-369

                                  )

     v.                         )

LAFON ELLIS

**MEMORANDUM ORDER**

By Opinion and Order dated January 21, 2021 ("January 21 Order"), this Court granted in

part the Government's Motion to Quash a subpoena to its expert, Cybergenetics.  However, the

portion of the Motion dealing with the disclosure of Cybergenetics' TrueAllele source code was

held in abeyance. The Court directed the Government to file a Notice setting forth

Cybergenetics' position regarding disclosure of its source code under conditions. The

Government did so, stating that Cybergenetics was not willing to disclose the source code, but

attaching a proposed protective order setting forth terms with which it has complied in the past.

Defendant has responded to the Notice, and has also submitted a proposed protective order.

The Government resists disclosure of the source code on grounds that Cybergenetics

considers it a trade secret, and that disclosure is not necessary.  The Court has considered the

present record, including the amicus submission made on Defendant's behalf and Dr. Perlin's

declaration. Here, there can be no dispute that the DNA evidence is central to the case against

Defendant.  Although it is nonbinding, I am persuaded by the recent pertinent analysis in State v.

Pickett, No. A-4207-19T4, 2021 N.J. Super. LEXIS 17, at *48 (Super. Ct. App. Div. Feb. 3,

2021).  I have also considered the factors set forth in United States v. Nixon, 418 U.S. 683, 699-

700, 94 S. Ct. 3090, 3103 (1974), and related principles.  As the Pickett court stated, "[i]n

appropriate circumstances, especially where civil liberties are on the line, independent source-

1

code review is critical when determining reliability. …Fundamental due process and fairness demand access." Id. at *6.

Based on all applicable factors and considerations previously identified in my January 21 Order, Paragraph 5)2c of the Amended Subpoena Schedule, attached as Exhibit 2 to Docket No. 73, will not be quashed.   The pertinent production, however, shall be subject to a protective order.   The parties shall confer, and by March 12, 2021, shall submit a joint proposed order setting forth agreed-upon terms regarding the protection and place and manner of production of Cybergenetics' source code.

AND NOW, this 26th day of February, 2021, IT IS SO ORDERED.

BY THE COURT:

Donetta W. Ambrose
Senior Judge, U.S. District Court