IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 19-369 |
| LAFON ELLIS | |

STIPULATED (PROPOSED) PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

As reflected in previous pleading, the Court has Ordered Cybergenetics to produce the source code for its TrueAllele program to the defense. The purpose of this Order is protect that source code from public disclosure.

2. DEFINITIONS

2.1   Counsel: Khasha Attaran and any other attorney, investigator, paralegal or support staff from the Federal Public Defender's Office for the Western District of Pennsylvania.

2.2   Outside Experts: Nathan Adams, Jeanna Matthews, Mats Heimdahl, and Megan Graham.

2.3   SOURCE CODE: extremely sensitive confidential information or items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of the TrueAllele software.

3. SCOPE

The protections conferred by this Protective Order cover not only the SOURCE CODE (as defined above), but also (1) any information copied or extracted from SOURCE CODE; (2) all copies, excerpts, summaries, or compilations of the SOURCE CODE; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal the SOURCE CODE.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this

Protective Order shall remain in effect until Cybergenetics agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, collateral attacks or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     ACCESS TO AND USE OF SOURCE CODE

     5.1     Basic Principles.  Counsel and the Outside Experts may use the SOURCE CODE that is disclosed or produced by Cybergenetics in connection with this case only for defending this litigation. Such SOURCE CODE may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been terminated, a Counsel and the Outside Experts must comply with the provisions of section 11 below (FINAL DISPOSITION).

6.     SOURCE CODE

     6.1     NOT AGREED.

     6.2     Counsel and the Outside Experts may takes notes in electronic or any other format that reference the SOURCE CODE that are reasonably necessary.  Counsel and Outside Experts may also request paper or electronic copies of limited portions of the SOURCE CODE that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for hearing or trial.  Cybergenetics or the government shall provide all such SOURCE CODE in paper or electronic form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  Cybergenetics or the government may challenge the amount of SOURCE CODE requested in hard copy by or electronic form by filing a motion with the Court.  Counsel and Outside Experts may reference the limited portions of the SOURCE CODE in reports or pleadings.

     6.3     NOT AGREED.

7. <u>TRUEALLELE SOFTWARE PRODUCTION</u>

Cybergenetics will provide executable TrueAllele software to the Outside Experts for use on the computers of the Outside Experts. The Outside Experts will run VUIer software on their own Macintosh or Windows computer to operate an Internet-based TrueAllele cloud server. Through the cloud server, the Outside Experts can download VUIer software installers and manuals. Cybergenetics will provide the Outside Experts a license key, and login access to the software. (Note: the defense agrees to this provision, but will request additional language related to the manner of production of the source code)

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If Counsel or Outside Experts are served with a subpoena or a court order issued in other litigation that compels disclosure of the SOURCE CODE, Counsel and Outside Experts must:

(a) promptly notify in writing Cybergenetics. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by Cybergenetics.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If Counsel or the Outside Experts learns that, by inadvertence or otherwise, it has disclosed SOURC CODE to any person or in any circumstance not authorized under this Protective Order, Counsel or the Outside Experts must immediately (a) notify in writing Cybergenetics of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the SOURCE CODE, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>MISCELLANEOUS</u>

10.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

10.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3   NOT AGREED.

11. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, Counsel and Outside Experts must return the executable TrueAllele Software all SOURCE CODE to Cybergenetics or destroy the materials and all copies, whether in paper or electronic form. As used in this subdivision, "all SOURCE CODE" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the SOURCE CODE.  Whether the SOURCE CODE is returned or destroyed, the Counsel and Outside Experts must submit a written certification to Cybergenetics by the 60-day deadline that (1) identifies (by category, where appropriate) all the SOURCE CODE that was returned or destroyed and (2) affirms that Counsel and the Outside Experts have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the SOURCE CODE. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain SOURCE CODE. Any such archival copies that contain or constitute SOURCE CODE remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED

                                                                               _____
Donetta Ambrose
United States District Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Pennsylvania on _____ in the case of United States v. Lafon Ellis.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
            [printed name]

Signature: _____
            [signature]