## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) 19-369 |
| | ) |
| v. | ) |

LAFON ELLIS

### MEMORANDUM ORDER

Before the Court is the Government's Motion for Reconsideration of this Court's Order dated February 26, 2021 ("February 26 Order"), denying the Government's Motion to Quash to the extent that it relates to Cybergenetics' source code.[1]

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). Such motions are granted sparingly, due to the strong interest in finality of judgments. Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D.Pa. 1995).

On February 26, the question before this Court rested on the various considerations applicable to the issuance and quashal of a Rule 17(c) subpoena duces tecum.[2] In that context, I found persuasive the notion that source code access could be key in appropriate circumstances, and that courts must be mindful of the interests at stake in a criminal proceeding. I also was and remain persuaded by the idea, expressed in State v. Pickett, No. A-4207-19T4, 2021 N.J. Super. LEXIS 17 (N.J. Super. Ct. App. Div. Feb. 3, 2021),[3] that some level of access to the source code, with proper protections, represents a reasonable outcome here. Resolution of the Motion to

---

[1] Much of the Motion to Quash was granted by Order dated January 21, 2021 ("January 21 Order"). The remainder of the Motion, relating to Cybergenetics' TrueAllele source code, was held in abeyance pending notice from the Government regarding Cybergenetics' willingness to produce the source code to the defense. The February 26 Order ultimately denied this remaining aspect of the Government's Motion.

[2] The February 26 Order expressly noted reliance on United States v. Nixon, 418 U.S. 683, 699- 700, 94 S. Ct. 3090, 3103 (1974), and related principles. Those principles were set forth at length in the January 21 Order.

[3] The New Jersey Supreme Court recently denied leave to appeal in Pickett. See Defendant's Response [149], Ex. 1.

Quash also rested on the pertinent record in this case, which includes affidavits, extensive briefing, and amicus submissions.

The Government here urges that evidence such as that expressly discussed in United States v. Gissantaner, 990 F.3d 457, 2021 U.S. App. LEXIS 6465 (6th Cir. 2021), to establish admissibility under Daubert is good enough here.  It is apparent that there are many methods of testing or validating a software program, and that such methods may vary in terms of purpose and value.  It may well be, therefore, that the methods and types of evidence urged by the Government will prove sufficient to overcome Defendant's objections, and that evidence relating to the source code will prove unpersuasive in terms of TrueAllele's admissibility.  These matters are best addressed at and following a Daubert hearing.   To resolve those questions at this juncture would implicate standards and issues not applicable in the context of the Government's Motion to Quash and the February 26 Order disposing of that Motion's final piece.  In sum, while many of the Government's points are well taken, none warrant vacating this Court's February 26 Order.

AND NOW, this 23rd day of April, 2021, the Government's Motion for Reconsideration is DENIED.

BY THE COURT:

_/s/ Donetta W. Ambrose_

Donetta W. Ambrose
Senior Judge, U.S. District Court