IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 19-369 |
| LAFON ELLIS | |

## MOTION FOR STAY

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Brendan T. Conway, Assistant United States Attorney for said District, and respectfully submits its Motion for Stay in which the Court should stay discovery from Cybergenetics until the Court determines the scope of the material subject to discovery.

As the Court is aware, the Court directed that Cybergenetics provide the defense access to certain information. The parties are currently in a dispute as to the scope of the information that Court directed Cybergenetics to provide and the Court appointed a Special Master to assist in resolving that dispute. Essentially the dispute revolves around whether the Court intended to provide the defense with such unfettered access so that they could reverse engineer Cybergenetics' software for the purported purpose of testing it. The parties have been in contact with the Special Master and are working toward resolving the matter.

In the meantime, the defense requested that Cybergentics allow another "expert" to review the same material previously reviewed by one of his other experts. Perhaps even more troubling, the proposed expert appears to be an expert in reverse engineering software but not in any relevant field. At this point, it is difficult to see how any aspect of this litigation is advancing toward a resolution until the actual scope of the permissible discovery is known. Providing access to the

material is not some minor event of inconsequential inconvenience, but a significant investment in resources and time. Cybergenetics already invested that time and resources, as directed by the Court, but that investment just resulted in more litigation. Thus, the Court should stay any discovery from Cybergenetics until the Court has resolves the dispute related to the scope of the discovery.

WHEREFORE, for the reasons set forth above, the Court should grant the government's motion and stay any discovery from Cybergenetics until the Court clarifies the scope of the discovery Cybergenetics is required to produce.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

/s/ Brendan T. Conway
BRENDAN T. CONWAY
Assistant U.S. Attorney
PA ID No. 78726